**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo, Esq. (Bar No. 144074)
dalekgalipo@yahoo.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, California, 91367
Telephone: (818) 347-3333
Facsimile: (818) 347-4118

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY AMADOR, VERONICA BENNETT, individually and as successors-in-interest to Connor Amador, deceased;<br><br>                              Plaintiff,<br><br>vs.<br><br>CITY OF LOMPOC; ALEXANDER JUSTICE; DOES 1-10, inclusive,<br><br>                              Defendants. | Case No. 2:25-cv-167<br><br>**COMPLAINT FOR DAMAGES**<br><br>1. Fourth Amendment—Detention and Arrest (42 U.S.C. § 1983)<br>2. Fourth Amendment—Excessive Force (42 U.S.C. § 1983)<br>3. Fourth Amendment—Denial of Medical Care (42 U.S.C. § 1983)<br>4. Substantive Due Process (42 U.S.C. § 1983)<br>5. Battery (Survival and Wrongful Death)<br>6. Negligence (Survival and Wrongful Death)<br>7. Violation of Cal. Civil Code § 52.1<br><br>**DEMAND FOR JURY TRIAL** |

## COMPLAINT FOR DAMAGES

Plaintiffs, JEFFREY AMADOR and VERONICA BENNETT individually and as successors-in-interest to Connor Amador, Deceased; for their Complaint against Defendants CITY OF LOMPOC; ALEXANDER JUSTICE; and DOES 1-10, inclusive, allege as follows:

## JURISDICTION AND VENUE

1.     This Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3)-(4) because Plaintiffs assert claims arising under the laws of the United States including 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments of the United States Constitution.  This Court has supplemental jurisdiction over Plaintiffs' claims arising under state law pursuant to 28 U.S.C. § 1367(a), because those claims are so related to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

2.     Venue is proper in this Court under 28 U.S.C. § 1391(b) because Defendants reside in this district and all incidents, events, and occurrences giving rise to this action occurred in this district.

## INTRODUCTION

3.     This civil rights and state tort action seeks compensatory and punitive damages from Defendants for violating various rights under the United States Constitution and state law in connection with the fatal officer-involved shooting of Connor Amador on December 29, 2023.

## PARTIES

4.     At all relevant times, Decedent CONNOR AMADOR ("DECEDENT") was an individual residing in the City of Lompoc, County of Santa Barbara, California.

5.     Plaintiff JEFFREY AMADOR is an individual residing in the City of Santa Maria, County of Santa Barbara, California. JEFFREY AMADOR is the

natural mother of DECEDENT and sues in his individual capacity and as successor-in-interest to DECEDENT. JEFFREY AMADOR seeks survival damages, wrongful death damages, compensatory damages and punitive damages under federal and state law.

6. Plaintiff VERONICA BENNETT is an individual residing in the City of Arroyo Grande, County of San Luis Obispo, California. VERONICA BENNETT is the natural mother of DECEDENT and sues in his individual capacity and as successor-in-interest to DECEDENT. VERONICA BENNETT seeks survival damages, wrongful death damages, compensatory damages and punitive damages under federal and state law.

7. At all relevant times, Defendant CITY OF LOMPOC ("CITY") is and was a duly organized public entity existing under the laws of the State of California. CITY is responsible for the actions, omissions, policies, procedures, practices and customs of its various agents and agencies, including the Lompoc Police Department ("LPD") and its agents and employees. At all relevant times, Defendant CITY is and was responsible for assuring that the actions, omissions, policies, procedures, practices, and customs of the and its employees and agents complied with the laws of the United States and of the State of California.

8. At all relevant times, Defendant ALEXANDER JUSTICE ("JUSTICE") and DOES 1-7, inclusive (collectively "OFFICER DEFENDANTS") were duly appointed by CITY as LPD Officers and employees or agents of CITY, subject to oversight and supervision by CITY's elected and non-elected officials. JUSTICE and DOES 1-7 acted under color of law, to wit, under the color of the statutes, ordinances, regulations, policies, customs, and usages of defendant CITY and the LPD, and under the color of the statutes and regulations of the State of California.

COMPLAINT FOR DAMAGES

9.      At all relevant times, Defendants DOES 8-10 are managerial, supervisorial, and policymaking employees of the LPD, who were acting under color of law within the course and scope of their duties as managerial, supervisorial, and policymaking employees for the LPD.  DOES 8-10 were acting with the complete authority and ratification of their principal, Defendant CITY.

10.      In doing the acts and failing and omitting to act as hereinafter described, JUSTICE and DOES 1-7 were acting on the implied and actual permission and consent of Defendant CITY.

11.      JUSTICE and DOES 1-10 are sued in their individual capacities.

12.      The true names and capacities of DOES 1-10 are unknown to Plaintiffs, who otherwise sue these Defendants by such fictitious names. Plaintiffs will seek leave to amend this Complaint to show the true names and capacities of the Defendants when they have been ascertained. Each of the fictitiously named Defendants is responsible in some manner for the conduct or liabilities alleged herein.

13.      At all times mentioned herein, each and every defendant was the agent of each and every other defendant and had the legal duty to oversee and supervise the hiring, conduct, and employment of each and every defendant.

14.      All of the acts complained of herein by Plaintiff against Defendants were done and performed by said Defendants by and through their authorized agents, servants, and/or employees, all of whom at all relevant times herein were acting within the course, purpose, and scope of said agency, service, and/or employment capacity.  Moreover, Defendants and their agents ratified all of the acts complained of herein.

15.      On or around June 24, 2024, Plaintiffs filed comprehensive and timely claims for damages with the City of Lompoc, State of California pursuant to

the applicable sections of the California Government Code. Said claims were rejected on July 17, 2024.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

16.    Plaintiffs repeat and re-allege each and every allegation in the foregoing paragraphs of this Complaint with the same force and effect as if fully set forth herein.

17.    This incident occurred on or about December 29, 2023 at approximately 1:00 a.m. DEFENDANT JUSTICE and DOES 1-7 encountered DECEDENT in a parking lot outside of a small "Circle K" convenience store at a gas station at or around the area of 1421 E. Ocean Ave. Lompoc, California 93436.

18.    DECEDENT stood outside of the entrance of the convenience store.

19.    Without warning or justification, OFFICER DEFENDANTS shot at DECEDENT without justification, thereby using excessive force against him.

20.    On information and belief, OFFICER DEFENDANTS failed to give a warning that deadly force was going to be used before shooting at DECEDENT, despite it being feasible to do so.

21.    On information and belief, DECEDENT did not pose an immediate threat of serious bodily injury or death to anyone at the time of the shooting. OFFICER DEFENDANTS were not faced with an immediate or imminent defense of life situation and had less than lethal alternatives available to subdue DECEDENT and to take DECEDENT into custody.

22.    On information and belief, despite having knowledge that DECEDENT was seriously injured by OFFICER DEFENDANTS' use of deadly force, OFFICER DEFENDANTS failed to timely summon medical care or permit medical personnel to treat DECEDENT. The delay of medical care to DECEDENT was a contributing cause of DECEDENT's harm, injury, pain and suffering, and ultimate death.

COMPLAINT FOR DAMAGES

23.    DECEDENT sustained gunshot wounds to his body. DECEDENT died as a result of those injuries.

24. Plaintiffs JEFFREY AMADOR and VERONICA BENNETT are DECEDENT's successors-in-interest as defined in Section 377.11 of the California Code of Civil Procedure and succeed to DECEDENT's interest in this action as the natural parents of DECEDENT.

## FIRST CLAIM FOR RELIEF

### Fourth Amendment—Detention and Arrest (42 U.S.C. § 1983)

(Plaintiffs against OFFICER DEFENDANTS)

25.    Plaintiffs repeat and re-allege each and every allegation in the foregoing paragraphs of this Complaint with the same force and effect as if fully set forth herein.

26.    The Fourth Amendment of the United States Constitution guarantees all persons the right to be free from unreasonable detention in violation of their right to privacy.  42 U.S.C. § 1983 provides a private right of action for conduct which violates this right. OFFICER DEFENDANTS violated DECEDENT's right to be free from unreasonable search and seizures, which is guaranteed to him by the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

27.    When OFFICER DEFENDANTS used less lethal and lethal munition against DECEDENT, they violated DECEDENT's right to be secure in his person against unreasonable searches and seizures as guaranteed to DECEDENT under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

28.    The conduct of OFFICER DEFENDANTS was willful, wanton, malicious, and done with reckless disregard for the rights and safety of DECEDENT

COMPLAINT FOR DAMAGES

1  and therefore warrants the imposition of exemplary and punitive damages as to
2  OFFICER DEFENDANTS.

3     29.   As a result of their misconduct, OFFICER DEFENDANTS are liable
4  for DECEDENT's injuries, because they were integral participants in the wrongful
5  detention and arrest.

6     30.   Plaintiffs bring this claim as successors-in-interest to the DECEDENT,
7  and seek survival damages, including physical and mental pre-death pain and
8  suffering, loss of life, and loss of enjoyment of life for the violation of
9  DECEDENT's rights. Plaintiffs also seek attorney's fees under this claim.

10
11                **SECOND CLAIM FOR RELIEF**
12         **Fourth Amendment —Excessive Force (42 U.S.C. § 1983)**
13             (By Plaintiff against OFFICER DEFENDANTS)

14     31.   Plaintiffs repeat and re-allege each and every allegation in the foregoing
15  paragraphs of this Complaint with the same force and effect as if fully set forth
16  herein.

17     32.   OFFICER DEFENDANTS used excessive force against DECEDENT
18  when he they shot him several times. OFFICER DEFENDANTS' unjustified use of
19  force deprived DECEDENT of his right to be secure in his person against
20  unreasonable searches and seizures as guaranteed to DECEDENT under the Fourth
21  Amendment to the United States Constitution and applied to state actors by the
22  Fourteenth Amendment.

23     33.   As a result of the foregoing, DECEDENT suffered great physical pain
24  and emotional distress up to the time of his death, loss of enjoyment of life, loss of
25  life, and loss of earning capacity.

26     34.   The conduct of OFFICER DEFENDANTS was willful, wanton,
27  malicious, and done with reckless disregard for the rights and safety of
28

1 | DECEDENT, and therefore warrants the imposition of exemplary and punitive

2 | damages.

3 |    35.    The shooting was excessive and unreasonable, and DECEDENT posed

4 | no immediate threat of death or serious bodily injury at the time of the shooting.

5 | Further, OFFICER DEFENDANTS' shooting and use of force violated their

6 | training and standard police officer training.

7 |    36.    As a result of their misconduct, OFFICER DEFENDANTS are liable for

8 | DECEDENT'S injuries, either because they were integral participants in the use of

9 | excessive force, and/or because they failed to intervene to prevent these violations.

10 |    37.    Plaintiffs bring this claim as a successors-in-interest to the DECEDENT,

11 | and seeks survival damages, including pre-death pain and suffering, emotional

12 | distress, loss of life, and loss of enjoyment of life, for the violation of

13 | DECEDENT's rights.  Plaintiffs also seek attorney's fees under this claim.

14 |

15 |                    **THIRD CLAIM FOR RELIEF**

16 |        **Fourth Amendment —Denial of Medical Care (42 U.S.C. § 1983)**

17 |                (By Plaintiffs against OFFICER DEFENDANTS)

18 |    38.    Plaintiffs repeat and re-allege each and every allegation in the

19 | foregoing paragraphs of this Complaint with the same force and effect as if fully set

20 | forth herein.

21 |    39.     The denial of medical care by OFFICER DEFENDANTS deprived

22 | DECEDENT of his right to be secure in his person against unreasonable searches

23 | and seizures as guaranteed to DECEDENT under the Fourth Amendment to the

24 | United States Constitution and applied to state actors by the Fourteenth Amendment.

25 |    40.    OFFICER DEFENDANTS failed to provide needed medical care to

26 | DECEDENT, failed to timely summon needed medical care for DECEDENT,

27 | prevented medical care personnel from timely treating DECEDENT, and refused to

28 |

permit medical care personnel to access and care for DECEDENT at the scene for an appreciable time after the incident.

41.    As a result of the foregoing, DECEDENT suffered great physical pain and suffering up to the time of his death, loss of enjoyment of life, loss of life, and loss of earning capacity.

42.    OFFICER DEFENDANTS knew that failure to provide timely medical treatment to DECEDENT could result in further significant injury, the unnecessary and wanton infliction of pain, or death, but disregarded that serious medical need, causing DECEDENT great bodily harm and death.

43.    The conduct of OFFICER DEFENDANTS was willful, wanton, malicious, and done with reckless disregard for the rights and safety of DECEDENT and therefore warrants the imposition of exemplary and punitive damages as to OFFICER DEFENDANTS.

44.    As a result of their misconduct, OFFICER DEFENDANTS are liable for DECEDENT'S injuries, either because they were integral participants in the denial of medical care, and/or because they failed to intervene to prevent these violations.

45.    Plaintiff brings this claim as a successor-in-interest to the DECEDENT, and seeks survival damages, including pre-death pain and suffering, loss of life, and loss of enjoyment of life for the violation of DECEDENT'S rights.  Plaintiff also seeks attorney's fees and costs under this claim.

## **FOURTH CLAIM FOR RELIEF**

### **Substantive Due Process (42 U.S.C. § 1983)**

(By Plaintiffs against OFFICER DEFENDANTS)

46.    Plaintiffs repeat and re-allege each and every allegation in the foregoing paragraphs of this Complaint with the same force and effect as if fully set forth herein.

47.    Plaintiff JEFFREY AMADOR had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive him of life, liberty, or property in such a manner as to shock the conscience, including but not limited to unwarranted state interference in her familial relationship with his son, DECEDENT.

48.    Plaintiff VERONICA BENNETT had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive her of life, liberty, or property in such a manner as to shock the conscience, including but not limited to unwarranted state interference in her familial relationship with her son, DECEDENT.

49.    The aforementioned actions of OFFICER DEFENDANTS, along with other undiscovered conduct, shock the conscience, in that they acted with deliberate indifference to the constitutional rights of Plaintiffs JEFFREY AMADOR and VERONICA BENNETT, and with purpose to harm unrelated to any legitimate law enforcement objective.

50.    As a direct and proximate result of these actions, DECEDENT experienced pain and suffering and eventually died.  OFFICER DEFENDANTS thus violated the substantive due process rights of Plaintiffs JEFFREY AMADOR and VERONICA BENNETT to be free from unwarranted interference with her familial relationship with DECEDENT.

51.    As a direct and proximate cause of the acts of OFFICER DEFENDANTS, Plaintiffs JEFFREY AMADOR and VERONICA BENNETT suffered emotional distress, mental anguish, and pain.  Plaintiffs JEFFREY AMADOR and VERONICA BENNETT have also been deprived of the life-long love, companionship, comfort, support, society, care, and sustenance of DECEDENT, and will continue to be so deprived for the remainder of their natural lives.

52.     The conduct of OFFICER DEFENDANTS was willful, wanton, malicious, and done with reckless disregard for the rights and safety of DECEDENT and Plaintiffs JEFFREY AMADOR and VERONICA BENNETT and therefore warrants the imposition of exemplary and punitive damages as to OFFICER DEFENDANTS.

53.     Plaintiffs JEFFREY AMADOR and VERONICA BENNETT bring this claim as individuals for the interference with their relationship with her son, DECEDENT and seek wrongful death damages for the violation of Plaintiffs JEFFREY AMADOR and VERONICA BENNETT's rights.  Plaintiffs also seek attorney's fees under this claim.

### FIFTH CLAIM FOR RELIEF

#### Battery

(By Plaintiffs against All Defendants)

54.     Plaintiffs repeat and re-allege each and every allegation in the foregoing paragraphs of this Complaint with the same force and effect as if fully set forth herein.

55.     OFFICER DEFENDANTS, while working as sheriff's Officers for LPD, and acting within the course and scope of their duties, intentionally shot DECEDENT multiple times and used unreasonable and excessive force against him. As a result of the actions of OFFICER DEFENDANTS, DECEDENT ultimately died from his injuries.  OFFICER DEFENDANTS had no legal justification for using force against DECEDENT, and their use of force while carrying out their duties as police officers was an unreasonable and non-privileged use of force.

56.     As a direct and proximate result of the conduct of OFFICER DEFENDANTS as alleged above, DECEDENT sustained injuries, experienced pain and suffering, died from his injuries and also lost his earning capacity. Also as a direct and proximate result of Defendants' conduct as alleged above, Plaintiffs

1  JEFFERY AMADOR and VERONICA BENNETT suffered emotional distress and

2  mental anguish.  Plaintiffs JEFFREY AMADOR and VERONICA BENNETT also

3  have been deprived of the life-long love, companionship, comfort, support, society,

4  care and sustenance of DECEDENT, and will continue to be so deprived for the

5  remainder of their natural lives.

6      57.    CITY is vicariously liable for the wrongful acts of OFFICER

7  DEFENDANTS pursuant to section 815.2(a) of the California Government Code,

8  which provides that a public entity is liable for the injuries caused by its employees

9  within the scope of the employment if the employee's act would subject him or her

10  to liability.

11      58.    The conduct of OFFICER DEFENDANTS was malicious, wanton,

12  oppressive, and accomplished with a conscious disregard for the rights of

13  DECEDENT, entitling Plaintiffs JEFFREY AMADOR and VERONICA

14  BENNETT, as successors-in-interest to DECEDENT, to an award of exemplary and

15  punitive damages as to OFFICER DEFENDANTS.

16      59.    Plaintiffs JEFFREY AMADOR and VERONICA BENNETT bring this

17  claim as individuals and as successors-in-interest to DECEDENT. Plaintiffs seek

18  survival damages, including pain and suffering, and wrongful death damages under

19  this claim.

20                    **SIXTH CLAIM FOR RELIEF**

21                        **Negligence**

22              (By Plaintiffs against all Defendants)

23      60.    Plaintiffs repeat and re-allege each and every allegation in the

24  foregoing paragraphs of this Complaint with the same force and effect as if fully set

25  forth herein.

26      61.    Law enforcement officers, including Defendants, have a duty to use

27  reasonable care to prevent harm or injury to others. This duty includes using

28

1  appropriate tactics, giving appropriate commands, giving warnings, and not using
2  any force unless necessary, using less than lethal options, and only using deadly
3  force as a last resort.

4       62.    OFFICER DEFENDANTS, and Defendants DOES 8-10 breached this
5  duty of care.  Upon information and belief, the actions and inactions of OFFICER
6  DEFENDANTS, and Defendants DOES 8-10 were negligent and reckless, including
7  but not limited to:

8            (a)    the failure to properly and adequately assess the need to use
9                   force or deadly force against DECEDENT;

10           (b)    the negligent tactics and handling of the situation with
11                  DECEDENT, including pre-shooting negligence;

12           (c)    the negligent use of force, including deadly force, against
13                  DECEDENT;

14           (d)    the failure to provide prompt medical care to DECEDENT;

15           (e)    the failure to properly train and supervise employees, both
16                  professional and non-professional, including OFFICER
17                  DEFENDANTS and OFFICER DEFENDANTS;

18           (f)    the failure to ensure that adequate numbers of employees with
19                  appropriate education and training were available to meet the
20                  needs of and protect the rights of DECEDENT;

21           (g)    the negligent handling of evidence and witnesses;

22           (h)    the negligent communication of information during the incident.

23       63.    As a direct and proximate result of Defendants' conduct as alleged
24  above, and other undiscovered negligent conduct, DECEDENT experienced pain
25  and suffering ultimately died. Also as a direct and proximate result of Defendants'
26  conduct as alleged above, Plaintiffs JEFFREY AMADOR and VERONICA
27  BENNETT suffered emotional distress and mental anguish.  Plaintiffs JEFFREY
28

1    AMADOR and VERONICA BENNETT also have been deprived of the life-long
2    love, companionship, comfort, support, society, care and sustenance of
3    DECEDENT, and will continue to be so deprived for the remainder of their natural
4    lives.

5          64.    CITY is vicariously liable for the wrongful acts of OFFICER
6    DEFENDANTS and Defendants DOES 8-10 pursuant to section 815.2(a) of the
7    California Government Code, which provides that a public entity is liable for the
8    injuries caused by its employees within the scope of the employment if the
9    employee's act would subject him or her to liability.

10         65.    Plaintiffs JEFFREY AMADOR and VERONICA BENNETT bring this
11   claim as individuals and as successors-in-interest to DECEDENT. Plaintiffs seek
12   survival damages, including pain and suffering, and wrongful death damages under
13   this claim.

14   **NINTH CLAIM FOR RELIEF**
15   **Violation of Cal. Civil Code § 52.1**
16   (By Plaintiffs against all Defendants)

17         66.    Plaintiffs repeat and re-allege each and every allegation in the
18   foregoing paragraphs of this Complaint with the same force and effect as if fully set
19   forth herein.

20         67.    California Civil Code, Section 52.1 (the Bane Act), prohibits any
21   person from using violent acts or threatening to commit violent acts against another
22   person for exercising that person's constitutional rights, which can be shown by a
23   reckless disregard for that person's civil rights.

24         68.    On information and belief, OFFICER DEFENDANTS, while working
25   for the CITY and acting within the course and scope of their duties, intentionally
26   committed and attempted to commit acts of violence against DECEDENT or acted

27

28

1    in reckless disregard of DECEDENT's civil rights, including by shooting him

2    without justification or excuse, and by denying him necessary medical care.

3        69.    When OFFICER DEFENDANTS shot DECEDENT numerous times,

4    either by integrally participating in the shooting or by failing to intervene, they

5    deliberately subjected DECEDENT to excessive force that was beyond what was

6    necessary and coercively interfered with his civil rights to be free from unreasonable

7    searches and seizures, to due process, to equal protection of the laws, to medical

8    care, to be free from state actions that shock the conscience, and to life, liberty, and

9    property.

10       70.    On information and belief, Defendants specifically intended to violate

11   DECEDENT's constitutional rights as stated above, as demonstrated by OFFICER

12   DEFENDANT's reckless disregard for DECEDENT's constitutional rights, which

13   he was fully entitled to enjoy.  Thus, Plaintiffs can recover for violation of the Bane

14   Act as successor-in-interest to DECEDENT.  *See Reese v. County of Sacramento*,

15   888 F.3d 1030, 1040-45 (2018).

16       71.    On information and belief, DECEDENT reasonably believed and

17   understood that the violent acts committed by OFFICER DEFENDANTS, inclusive

18   were intended to coercively interfere with DECEDENT's civil rights, to discourage

19   him from exercising the above civil rights or to prevent him from exercising such

20   rights.

21       72.     Defendants successfully interfered with the above civil rights of

22   DECEDENT.

23       73.    The conduct of Defendants was a substantial factor in causing

24   DECEDENT's harms, losses, injuries, and damages.

25       74.    Defendants DOES 8-10 are vicariously liable under California law and

26   the doctrine of *respondeat superior*.

27

28

75.    CITY is vicariously liable for the wrongful acts of OFFICER DEFENDANTS and Defendants DOES 8-10, inclusive pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

76.    The conduct of Defendants was malicious, wanton, oppressive, and accomplished with a conscious disregard for DECEDENT's rights, justifying an award of exemplary and punitive damages as to OFFICER DEFENDANTS.

77.    Plaintiffs bring this claim as successors-in-interest to DECEDENT and seek survival damages, including emotional distress, loss of life, and loss of enjoyment of life under this claim. Plaintiffs also seek treble damages, attorney's fees, and costs under this claim.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs JEFFREY AMADOR and VERONICA BENNETT, individually and as successors-in-interest to Connor Amador, requests entry of judgment in their favor and against Defendants CITY OF LOMPOC, ALEXANDER JUSTICE; DOES 1-10, inclusive, as follows:

A.   For compensatory damages in whatever other amount may be proven at trial, including both survival damages and wrongful death damages under federal and state law;

B.   For funeral and burial expenses, and loss of financial support;

C.   For punitive damages against the individual defendants in an amount to be proven at trial;

D.   For statutory damages;

E.   For treble damages pursuant to California Civil Code Sections 52, 52.1;

F.   For interest;

G.   For reasonable attorneys' fees, including litigation expenses;

H.   For costs of suit; and

I.   For such further other relief as the Court may deem just, proper, and appropriate.

DATED:  January 7, 2025          LAW OFFICES OF DALE K. GALIPO


By  */s/ Dale K. Galipo*
Dale K. Galipo
Attorneys for Plaintiff JEFFREY
AMADOR and VERONICA BENNETT

1
## **DEMAND FOR JURY TRIAL**

2
    Plaintiffs hereby demand a trial by jury.

3

4
DATED:  January 7, 2025      LAW OFFICES OF DALE K. GALIPO

5

6
                 By * /s/ Dale K. Galipo*
                    Dale K. Galipo

7
                    Attorneys for Plaintiffs JEFFREY
                    AMADOR and VERONICA BENNETT

8

COMPLAINT FOR DAMAGES