**LEWIS BRISBOIS BISGAARD & SMITH LLP**
TONY M. SAIN, SB# 251626
  E-Mail: Tony.Sain@lewisbrisbois.com
TORI L. N. BAKKEN, SB# 329069
  E-Mail: Tori.Bakken@lewisbrisbois.com
ABIGAIL J. R. McLAUGHLIN, SB# 313208
  E-Mail: Abigail.McLaughlin@lewisbrisbois.com
633 West 5th Street, Suite 4000
Los Angeles, California 90071
Telephone: 213.250.1800
Facsimile: 213.250.7900

Attorneys for Defendants,
CITY OF LOMPOC and ALEXANDER JUSTICE

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| JEFFREY AMADOR, VERONICA BENNETT, individually and as successors-in-interest to Connor Amador, deceased,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY OF LOMPOC; ALEXANDER JUSTICE; DOES 1-10, inclusive,<br><br>Defendants. | Case No. 2:25-cv-00167-FMO-SSC<br><br>**DEFENDANTS' ANSWER TO PLAINTIFFS' COMPLAINT FOR DAMAGES; JURY TRIAL DEMANDED**<br><br>Judge:   Hon. Fernando M. Olguin<br><br>Complaint Filed:   01/07/2025<br>Trial Date:          None Set |

Defendants CITY OF LOMPOC ("City") and OFFICER ALEXANDER JUSTICE (collectively "Defendants") hereby answer the Complaint of Plaintiffs JEFFREY AMADOR and VERONICA BENNETT ("Plaintiffs") filed on January 7, 2025 (Dkt. 1; hereinafter referred to as the "Complaint"). If an averment is not specifically admitted, it is hereby denied. Defendants hereby admit, deny, and allege as follows:

1.      Answering paragraph 1 of the Complaint, under the header "Jurisdiction and Venue": Defendants admit this Court has jurisdiction. As to the remaining allegations of this paragraph, at present, defendants do not have sufficient

LEWIS BRISBOIS BISGAARD & SMITH LLP
ATTORNEYS AT LAW

knowledge, or information or belief, to enable defendants to answer the remaining allegations contained within such paragraph, as stated, and on those grounds deny generally and specifically each and every of the remaining allegations contained therein – and defendants deny all liability and/or wrongdoing.

2.      Answering paragraph 2 of the Complaint, under the header "Jurisdiction and Venue": Defendants admit venue is proper in this Court. As to the remaining allegations of this paragraph, at present, defendants do not have sufficient knowledge, or information or belief, to enable defendants to answer the remaining allegations contained within such paragraph, as stated, and on those grounds deny generally and specifically each and every of the remaining allegations contained therein – and defendants deny all liability and/or wrongdoing.

3.      Answering paragraph 3 of the Complaint, under the header "Introduction": Defendants do not have sufficient knowledge, or information or belief, to enable defendants to answer the allegations contained within such paragraph, as stated, and on those grounds deny generally and specifically each and every of the allegations contained therein – and Defendants deny all liability and/or wrongdoing.

4.      Answering paragraph 4 of the Complaint, under the header "Parties": Defendants do not have sufficient knowledge, or information or belief, to enable defendants to answer the allegations contained within such paragraph, as stated, and on those grounds deny generally and specifically each and every of the allegations contained therein – and Defendants deny all liability and/or wrongdoing.

5.      Answering paragraph 5 of the Complaint, under the header "Parties": Defendants do not have sufficient knowledge, or information or belief, to enable defendants to answer the allegations contained within such paragraph, as stated, and on those grounds deny generally and specifically each and every of the allegations contained therein – and Defendants deny all liability and/or wrongdoing.

6.      Answering paragraph 6 of the Complaint, under the header "Parties":

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

Defendants do not have sufficient knowledge, or information or belief, to enable defendants to answer the allegations contained within such paragraph, as stated, and on those grounds deny generally and specifically each and every of the allegations contained therein – and Defendants deny all liability and/or wrongdoing.

7.    Answering paragraph 7 of the Complaint, under the header "Parties": Defendants admit that defendant City is a public entity  organized under the laws of the State of California and that one of the constituent agencies operated by the City is the law enforcement agency known as the Lompoc Police Department (or "LPD"). As to the remaining allegations of this paragraph, at present, defendants do not have sufficient knowledge, or information or belief, to enable defendants to answer the remaining allegations contained within such paragraph, as stated, and on those grounds deny generally and specifically each and every of the remaining allegations contained therein – and defendants deny all liability and/or wrongdoing.

8.    Answering paragraph 8 of the Complaint, under the header "Parties": Defendants do not have sufficient knowledge, or information or belief, to enable defendants to answer the allegations contained within such paragraph, as stated, and on those grounds deny generally and specifically each and every of the allegations contained therein – and Defendants deny all liability and/or wrongdoing.

9.    Answering paragraph 9 of the Complaint, under the header "Parties": Defendants do not have sufficient knowledge, or information or belief, to enable defendants to answer the allegations contained within such paragraph, as stated, and on those grounds deny generally and specifically each and every of the allegations contained therein – and Defendants deny all liability and/or wrongdoing.

10.    Answering paragraph 10 of the Complaint, under the header "Parties": Defendants do not have sufficient knowledge, or information or belief, to enable defendants to answer the allegations contained within such paragraph, as stated, and on those grounds deny generally and specifically each and every of the allegations contained therein – and Defendants deny all liability and/or wrongdoing.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

11.     Answering paragraph 11 of the Complaint, under the header "Parties": Defendants do not have sufficient knowledge, or information or belief, to enable defendants to answer the allegations contained within such paragraph, as stated, and on those grounds deny generally and specifically each and every of the allegations contained therein – and Defendants deny all liability and/or wrongdoing.

12.     Answering paragraph 12 of the Complaint, under the header "Parties": Defendants do not have sufficient knowledge, or information or belief, to enable defendants to answer the allegations contained within such paragraph, as stated, and on those grounds deny generally and specifically each and every of the allegations contained therein – and Defendants deny all liability and/or wrongdoing.

13.     Answering paragraph 13 of the Complaint, under the header "Parties": Defendants do not have sufficient knowledge, or information or belief, to enable defendants to answer the allegations contained within such paragraph, as stated, and on those grounds deny generally and specifically each and every of the allegations contained therein – and Defendants deny all liability and/or wrongdoing.

14.     Answering paragraph 14 of the Complaint, under the header "Parties": Defendants do not have sufficient knowledge, or information or belief, to enable defendants to answer the allegations contained within such paragraph, as stated, and on those grounds deny generally and specifically each and every of the allegations contained therein – and Defendants deny all liability and/or wrongdoing.

15.     Answering paragraph 15 of the Complaint, under the header "Parties": Defendants do not have sufficient knowledge, or information or belief, to enable defendants to answer the allegations contained within such paragraph, as stated, and on those grounds deny generally and specifically each and every of the allegations contained therein – and Defendants deny all liability and/or wrongdoing.

16.     Answering paragraph 16 of the Complaint, under the header "Facts Common To All Claims For Relief": Whereby plaintiffs incorporate by reference plaintiffs' prior allegations, defendants repeat, reiterate and re-allege all of the

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

DEFENDANTS' ANSWER TO PLAINTIFFS' COMPLAINT FOR DAMAGES; JURY TRIAL DEMANDED

admissions and denials contained in the foregoing Answer which are set forth to each and every allegation contained in paragraphs 1 through 15, inclusive, of plaintiffs' Complaint.

17.     Answering paragraph 17 of the Complaint, under the header "Facts Commons To All Claims For Relief": Defendants do not have sufficient knowledge, or information or belief, to enable defendants to answer the allegations contained within such paragraph, as stated, and on those grounds deny generally and specifically each and every of the allegations contained therein – and Defendants deny all liability and/or wrongdoing.

18.     Answering paragraph 18 of the Complaint, under the header "Facts Commons To All Claims For Relief": Defendants do not have sufficient knowledge, or information or belief, to enable defendants to answer the allegations contained within such paragraph, as stated, and on those grounds deny generally and specifically each and every of the allegations contained therein – and Defendants deny all liability and/or wrongdoing.

19.     Answering paragraph 19 of the Complaint, under the header "Facts Commons To All Claims For Relief": Defendants do not have sufficient knowledge, or information or belief, to enable defendants to answer the allegations contained within such paragraph, as stated, and on those grounds deny generally and specifically each and every of the allegations contained therein – and Defendants deny all liability and/or wrongdoing.

20.     Answering paragraph 20 of the Complaint, under the header "Facts Commons To All Claims For Relief": Defendants do not have sufficient knowledge, or information or belief, to enable defendants to answer the allegations contained within such paragraph, as stated, and on those grounds deny generally and specifically each and every of the allegations contained therein – and Defendants deny all liability and/or wrongdoing.

21.     Answering paragraph 21 of the Complaint, under the header "Facts

Commons To All Claims For Relief": Defendants do not have sufficient knowledge, or information or belief, to enable defendants to answer the allegations contained within such paragraph, as stated, and on those grounds deny generally and specifically each and every of the allegations contained therein – and Defendants deny all liability and/or wrongdoing.

22.     Answering paragraph 22 of the Complaint, under the header "Facts Commons To All Claims For Relief": Defendants do not have sufficient knowledge, or information or belief, to enable defendants to answer the allegations contained within such paragraph, as stated, and on those grounds deny generally and specifically each and every of the allegations contained therein – and Defendants deny all liability and/or wrongdoing.

23.     Answering paragraph 23 of the Complaint, under the header "Facts Commons To All Claims For Relief": Defendants do not have sufficient knowledge, or information or belief, to enable defendants to answer the allegations contained within such paragraph, as stated, and on those grounds deny generally and specifically each and every of the allegations contained therein – and Defendants deny all liability and/or wrongdoing.

24.     Answering paragraph 24 of the Complaint, under the header "Facts Commons To All Claims For Relief": Defendants do not have sufficient knowledge, or information or belief, to enable defendants to answer the allegations contained within such paragraph, as stated, and on those grounds deny generally and specifically each and every of the allegations contained therein – and Defendants deny all liability and/or wrongdoing.

25.     Answering paragraph 25 of the Complaint, under the header "First Claim For Relief": Whereby plaintiffs incorporate by reference plaintiffs' prior allegations, defendants repeat, reiterate and re-allege all of the admissions and denials contained in the foregoing Answer which are set forth to each and every allegation contained in paragraphs 1 through 24, inclusive, of plaintiffs' Complaint.

DEFENDANTS' ANSWER TO PLAINTIFFS' COMPLAINT FOR DAMAGES; JURY TRIAL DEMANDED

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

26.     Answering paragraph 26 of the Complaint, under the header "First Claim For Relief": Defendants deny all of the allegations of this paragraph. Further, paragraph 26 contains legal conclusions and argument as to which no response is required.

27.     Answering paragraph 27 of the Complaint, under the header "First Claim For Relief": Defendants deny all of the allegations of this paragraph. Further, paragraph 27 contains legal conclusions and argument as to which no response is required.

28.     Answering paragraph 28 of the Complaint, under the header "First Claim For Relief": Defendants deny all of the allegations of this paragraph. Further, paragraph 28 contains legal conclusions and argument as to which no response is required.

29.     Answering paragraph 29 of the Complaint, under the header "First Claim For Relief": Defendants deny all of the allegations of this paragraph. Further, paragraph 29 contains legal conclusions and argument as to which no response is required.

30.     Answering paragraph 30 of the Complaint, under the header " First Claim For Relief ": Defendants do not have sufficient knowledge, or information or belief, to enable defendants to answer the allegations contained within such paragraph, as stated, and on those grounds deny generally and specifically each and every of the allegations contained therein – and Defendants deny all liability and/or wrongdoing.

31.     Answering paragraph 31 of the Complaint, under the header "Second Claim For Relief": Whereby plaintiffs incorporate by reference plaintiffs' prior allegations, defendants repeat, reiterate and re-allege all of the admissions and denials contained in the foregoing Answer which are set forth to each and every allegation contained in paragraphs 1 through 30, inclusive, of plaintiffs' Complaint.

32.     Answering paragraph 32 of the Complaint, under the header "Second

DEFENDANTS' ANSWER TO PLAINTIFFS' COMPLAINT FOR DAMAGES; JURY TRIAL DEMANDED

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

Claim For Relief": Defendants deny all of the allegations of this paragraph. Further, paragraph 32 contains legal conclusions and argument as to which no response is required.

33.    Answering paragraph 33 of the Complaint, under the header "Second Claim For Relief": Defendants do not have sufficient knowledge, or information or belief, to enable defendants to answer the allegations contained within such paragraph, as stated, and on those grounds deny generally and specifically each and every of the allegations contained therein – and Defendants deny all liability and/or wrongdoing.

34.    Answering paragraph 34 of the Complaint, under the header "Second Claim For Relief": Defendants deny all of the allegations of this paragraph. Further, paragraph 34 contains legal conclusions and argument as to which no response is required.

35.    Answering paragraph 35 of the Complaint, under the header "Second Claim For Relief": Defendants deny all of the allegations of this paragraph. Further, paragraph 35 contains legal conclusions and argument as to which no response is required.

36.    Answering paragraph 36 of the Complaint, under the header "Second Claim For Relief": Defendants deny all of the allegations of this paragraph. Further, paragraph 36 contains legal conclusions and argument as to which no response is required.

37.    Answering paragraph 37 of the Complaint, under the header "Second Claim For Relief": Defendants do not have sufficient knowledge, or information or belief, to enable defendants to answer the allegations contained within such paragraph, as stated, and on those grounds deny generally and specifically each and every of the allegations contained therein – and Defendants deny all liability and/or wrongdoing.

38.    Answering paragraph 38 of the Complaint, under the header "Third

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

153645423.1

8

DEFENDANTS' ANSWER TO PLAINTIFFS' COMPLAINT FOR DAMAGES; JURY TRIAL DEMANDED

Claim For Relief": Whereby plaintiffs incorporate by reference plaintiffs' prior allegations, defendants repeat, reiterate and re-allege all of the admissions and denials contained in the foregoing Answer which are set forth to each and every allegation contained in paragraphs 1 through 37, inclusive, of plaintiffs' Complaint.

39.     Answering paragraph 39 of the Complaint, under the header "Third Claim For Relief": Defendants deny all of the allegations of this paragraph. Further, paragraph 39 contains legal conclusions and argument as to which no response is required.

40.     Answering paragraph 40 of the Complaint, under the header "Third Claim For Relief": Defendants do not have sufficient knowledge, or information or belief, to enable defendants to answer the allegations contained within such paragraph, as stated, and on those grounds deny generally and specifically each and every of the allegations contained therein – and Defendants deny all liability and/or wrongdoing.

41.     Answering paragraph 41 of the Complaint, under the header "Third Claim For Relief": Defendants do not have sufficient knowledge, or information or belief, to enable defendants to answer the allegations contained within such paragraph, as stated, and on those grounds deny generally and specifically each and every of the allegations contained therein – and Defendants deny all liability and/or wrongdoing.

42.     Answering paragraph 42 of the Complaint, under the header "Third Claim For Relief": Defendants do not have sufficient knowledge, or information or belief, to enable defendants to answer the allegations contained within such paragraph, as stated, and on those grounds deny generally and specifically each and every of the allegations contained therein – and Defendants deny all liability and/or wrongdoing.

43.     Answering paragraph 43 of the Complaint, under the header "Third Claim For Relief": Defendants deny all of the allegations of this paragraph. Further,

153645423.1
DEFENDANTS' ANSWER TO PLAINTIFFS' COMPLAINT FOR DAMAGES; JURY TRIAL DEMANDED

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1  paragraph 43 contains legal conclusions and argument as to which no response is

2  required.

3       44.    Answering paragraph 44 of the Complaint, under the header "Third

4  Claim For Relief": Defendants deny all of the allegations of this paragraph. Further,

5  paragraph 44 contains legal conclusions and argument as to which no response is

6  required.

7       45.    Answering paragraph 45 of the Complaint, under the header "Third

8  Claim For Relief": Defendants do not have sufficient knowledge, or information or

9  belief, to enable defendants to answer the allegations contained within such

10 paragraph, as stated, and on those grounds deny generally and specifically each and

11 every of the allegations contained therein – and Defendants deny all liability and/or

12 wrongdoing.

13      46.    Answering paragraph 46 of the Complaint, under the header "Fourth

14 Claim For Relief": Whereby plaintiffs incorporate by reference plaintiffs' prior

15 allegations, defendants repeat, reiterate and re-allege all of the admissions and

16 denials contained in the foregoing Answer which are set forth to each and every

17 allegation contained in paragraphs 1 through 45, inclusive, of plaintiffs' Complaint.

18      47.    Answering paragraph 47 of the Complaint, under the header "Fourth

19 Claim For Relief": Defendants deny all of the allegations of this paragraph. Further,

20 paragraph 47 contains legal conclusions and argument as to which no response is

21 required.

22      48.    Answering paragraph 48 of the Complaint, under the header "Fourth

23 Claim For Relief": Defendants deny all of the allegations of this paragraph. Further,

24 paragraph 48 contains legal conclusions and argument as to which no response is

25 required.

26      49.    Answering paragraph 49 of the Complaint, under the header "Fourth

27 Claim For Relief": Defendants do not have sufficient knowledge, or information or

28 belief, to enable defendants to answer the allegations contained within such

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

153645423.1

10

DEFENDANTS' ANSWER TO PLAINTIFFS' COMPLAINT FOR DAMAGES; JURY TRIAL DEMANDED

paragraph, as stated, and on those grounds deny generally and specifically each and every of the allegations contained therein – and Defendants deny all liability and/or wrongdoing.

50.    Answering paragraph 50 of the Complaint, under the header "Fourth Claim For Relief": Defendants deny all of the allegations of this paragraph. Further, paragraph 50 contains legal conclusions and argument as to which no response is required.

51.    Answering paragraph 51 of the Complaint, under the header "Fourth Claim For Relief": Defendants do not have sufficient knowledge, or information or belief, to enable defendants to answer the allegations contained within such paragraph, as stated, and on those grounds deny generally and specifically each and every of the allegations contained therein – and Defendants deny all liability and/or wrongdoing.

52.    Answering paragraph 52 of the Complaint, under the header "Fourth Claim For Relief": Defendants deny all of the allegations of this paragraph. Further, paragraph 52 contains legal conclusions and argument as to which no response is required.

53.    Answering paragraph 53 of the Complaint, under the header "Fourth Claim For Relief": Defendants do not have sufficient knowledge, or information or belief, to enable defendants to answer the allegations contained within such paragraph, as stated, and on those grounds deny generally and specifically each and every of the allegations contained therein – and Defendants deny all liability and/or wrongdoing.

54.    Answering paragraph 54 of the Complaint, under the header "Fifth Claim For Relief": Whereby plaintiffs incorporate by reference plaintiffs' prior allegations, defendants repeat, reiterate and re-allege all of the admissions and denials contained in the foregoing Answer which are set forth to each and every allegation contained in paragraphs 1 through 53, inclusive, of plaintiffs' Complaint.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

DEFENDANTS' ANSWER TO PLAINTIFFS' COMPLAINT FOR DAMAGES; JURY TRIAL DEMANDED

55.    Answering paragraph 55 of the Complaint, under the header "Fifth Claim For Relief": Defendants deny all of the allegations of this paragraph. Further, paragraph 55 contains legal conclusions and argument as to which no response is required.

56.    Answering paragraph 56 of the Complaint, under the header "Fifth Claim For Relief": Defendants do not have sufficient knowledge, or information or belief, to enable defendants to answer the allegations contained within such paragraph, as stated, and on those grounds deny generally and specifically each and every of the allegations contained therein – and Defendants deny all liability and/or wrongdoing.

57.    Answering paragraph 57 of the Complaint, under the header "Fifth Claim For Relief": Defendants deny all of the allegations of this paragraph. Further, paragraph 57 contains legal conclusions and argument as to which no response is required.

58.    Answering paragraph 58 of the Complaint, under the header "Fifth Claim For Relief": Defendants deny all of the allegations of this paragraph. Further, paragraph 58 contains legal conclusions and argument as to which no response is required.

59.    Answering paragraph 59 of the Complaint, under the header "Fifth Claim For Relief": Defendants do not have sufficient knowledge, or information or belief, to enable defendants to answer the allegations contained within such paragraph, as stated, and on those grounds deny generally and specifically each and every of the allegations contained therein – and Defendants deny all liability and/or wrongdoing.

60.    Answering paragraph 60 of the Complaint, under the header "Sixth Claim For Relief": Whereby plaintiffs incorporate by reference plaintiffs' prior allegations, defendants repeat, reiterate and re-allege all of the admissions and denials contained in the foregoing Answer which are set forth to each and every

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

allegation contained in paragraphs 1 through 59, inclusive, of plaintiffs' Complaint.

61.    Answering paragraph 61 of the Complaint, under the header "Sixth Claim For Relief": Defendants deny all of the allegations of this paragraph. Further, paragraph 61 contains legal conclusions and argument as to which no response is required.

62.    Answering paragraph 62 of the Complaint, under the header "Sixth Claim For Relief": Defendants deny all of the allegations of this paragraph. Further, paragraph 62 contains legal conclusions and argument as to which no response is required.

63.    Answering paragraph 63 of the Complaint, under the header "Sixth Claim For Relief": Defendants do not have sufficient knowledge, or information or belief, to enable defendants to answer the allegations contained within such paragraph, as stated, and on those grounds deny generally and specifically each and every of the allegations contained therein – and Defendants deny all liability and/or wrongdoing.

64.    Answering paragraph 64 of the Complaint, under the header "Sixth Claim For Relief": Defendants deny all of the allegations of this paragraph. Further, paragraph 64 contains legal conclusions and argument as to which no response is required.

65.    Answering paragraph 65 of the Complaint, under the header "Sixth Claim For Relief": Defendants do not have sufficient knowledge, or information or belief, to enable defendants to answer the allegations contained within such paragraph, as stated, and on those grounds deny generally and specifically each and every of the allegations contained therein – and Defendants deny all liability and/or wrongdoing.

66.    Answering paragraph 66 of the Complaint, under the header "Ninth [*sic] Claim For Relief": Whereby plaintiffs incorporate by reference plaintiffs' prior allegations, defendants repeat, reiterate and re-allege all of the admissions and

DEFENDANTS' ANSWER TO PLAINTIFFS' COMPLAINT FOR DAMAGES; JURY TRIAL DEMANDED

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

denials contained in the foregoing Answer which are set forth to each and every allegation contained in paragraphs 1 through 65, inclusive, of plaintiffs' Complaint.

67.    Answering paragraph 67 of the Complaint, under the header "Ninth [*sic] Claim For Relief": Paragraph 67 contains legal conclusions and argument as to which no response is required.

68.    Answering paragraph 68 of the Complaint, under the header "Ninth [*sic] Claim For Relief": Defendants do not have sufficient knowledge, or information or belief, to enable defendants to answer the allegations contained within such paragraph, as stated, and on those grounds deny generally and specifically each and every of the allegations contained therein – and Defendants deny all liability and/or wrongdoing.

69.    Answering paragraph 69 of the Complaint, under the header "Ninth [*sic] Claim For Relief": Defendants do not have sufficient knowledge, or information or belief, to enable defendants to answer the allegations contained within such paragraph, as stated, and on those grounds deny generally and specifically each and every of the allegations contained therein – and Defendants deny all liability and/or wrongdoing.

70.    Answering paragraph 70 of the Complaint, under the header "Ninth [*sic] Claim For Relief": Defendants deny all of the allegations of this paragraph. Further, paragraph 70 contains legal conclusions and argument as to which no response is required.

71.    Answering paragraph 71 of the Complaint, under the header "Ninth [*sic] Claim For Relief": Defendants do not have sufficient knowledge, or information or belief, to enable defendants to answer the allegations contained within such paragraph, as stated, and on those grounds deny generally and specifically each and every of the allegations contained therein – and Defendants deny all liability and/or wrongdoing.

72.    Answering paragraph 72 of the Complaint, under the header "Ninth

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

[*sic] Claim For Relief": Defendants deny all of the allegations of this paragraph. Further, paragraph 72 contains legal conclusions and argument as to which no response is required.

73.    Answering paragraph 73 of the Complaint, under the header "Ninth [*sic] Claim For Relief": Defendants deny all of the allegations of this paragraph. Further, paragraph 73 contains legal conclusions and argument as to which no response is required.

74.    Answering paragraph 74 of the Complaint, under the header "Ninth [*sic] Claim For Relief": Defendants deny all of the allegations of this paragraph. Further, paragraph 74 contains legal conclusions and argument as to which no response is required.

75.    Answering paragraph 75 of the Complaint, under the header "Ninth [*sic] Claim For Relief": Defendants deny all of the allegations of this paragraph. Further, paragraph 75 contains legal conclusions and argument as to which no response is required.

76.    Answering paragraph 76 of the Complaint, under the header "Ninth [*sic] Claim For Relief": Defendants deny all of the allegations of this paragraph. Further, paragraph 76 contains legal conclusions and argument as to which no response is required.

77.    Answering paragraph 77 of the Complaint, under the header "Ninth [*sic] Claim For Relief": Defendants do not have sufficient knowledge, or information or belief, to enable defendants to answer the allegations contained within such paragraph, as stated, and on those grounds deny generally and specifically each and every of the allegations contained therein – and Defendants deny all liability and/or wrongdoing.

78.    Answering plaintiffs' Prayer for Damages, defendants deny all liability to plaintiffs, including but not limited to all liability for any damages (general, special, exemplary or otherwise), penalties, fees, or costs of any kind, or for any

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

153645423.1

15

DEFENDANTS' ANSWER TO PLAINTIFFS' COMPLAINT FOR DAMAGES; JURY TRIAL DEMANDED

1    relief of any kind from any of the Defendants to any of the plaintiffs.

2        79.    To the extent plaintiffs assert any other claims or contentions not

3    specifically addressed herein above, defendants generally and specifically deny each

4    and every of the remaining allegations and/or claims.

5    / / /

6    / / /

7    / / /

8    / / /

9    / / /

10    / / /

11    / / /

12    / / /

13    / / /

14    / / /

15    / / /

16    / / /

17    / / /

18    / / /

19    / / /

20    / / /

21    / / /

22    / / /

23    / / /

24    / / /

25    / / /

26    / / /

27    / / /

28    / / /

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

## AFFIRMATIVE DEFENSES

1. As separate and affirmative defenses, defendants allege as follows[1]:

## FIRST AFFIRMATIVE DEFENSE

### (Statute of Limitations)

2.     Plaintiffs' Complaint fails to state a claim upon which relief can be granted.

3.     Plaintiffs' Complaint also fails to state a claim against any defendant in this action.

4.     Plaintiffs' and/or decedent's claims are time-barred by the operative statute(s) of limitations (including, but not limited to, California Code of Civil Procedure § 335.1).

## SECOND AFFIRMATIVE DEFENSE

### (Tort Claims Act Violation)

5.     This action is barred by the Plaintiffs' failure to comply with the government tort claims presentation requirements, California Government Code § 900, *et seq.*, including but not limited to §§ 900, 900.4, 901, 905, 905.2, 910, 911, 911.2, 911.4, 945.4, 945.6, 946.6, 950.2, and 950.6, to the extent applicable.

6.     The Complaint is barred based on plaintiffs' failure to exhaust administrative remedies prior to filing this lawsuit.

7.     Plaintiffs' recovery is barred for failure to timely comply with the provisions of the claims statutes, including, but not limited to California Government Code §§ 901, 905, 905.2, 911.2, 945.4, 945.6, 950.2.

8.     Plaintiffs' recovery is barred because the causes of action stated in the complaint do not correspond with the legal claims asserted in plaintiffs' written claim.  The Complaint thereby alleges legal bases for recovery which are not fairly

---

[1]  For purposes of the affirmative defenses, affirmative defenses that reference "plaintiffs" shall also be construed to apply, wherever feasible, to plaintiffs' decedent.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

153645423.1

17

DEFENDANTS' ANSWER TO PLAINTIFFS' COMPLAINT FOR DAMAGES; JURY TRIAL DEMANDED

reflected in the written claim.

## THIRD AFFIRMATIVE DEFENSE

### (Waiver, Estoppel, Unclean Hands)

9.     Defendants allege that plaintiffs' action is barred by reason of conduct, actions and inactions of plaintiffs which amount to and constitute a waiver of any right plaintiffs may or might have had in reference to the matters and things alleged in the Complaint, or that otherwise estop plaintiffs from recovery in this action, including but not limited to the doctrine of unclean hands.

## FOURTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages)

10.     Plaintiffs' claims are barred or limited to the extent plaintiffs failed to mitigate plaintiffs' injuries or damages, if there were any.  Plaintiffs have failed to mitigate the damages, if any, which plaintiffs have sustained, and to exercise reasonable care to avoid the consequences of harms, if any, in that, among other things, plaintiffs have failed to use reasonable diligence in caring for any injuries, failed to use reasonable means to prevent aggravation of any injuries and failed to take reasonable precautions to reduce any injuries and damages.

## FIFTH AFFIRMATIVE DEFENSE

### (Contributory and/or Comparative Liability)

11.     Plaintiffs' claims are barred or limited by plaintiffs' and/or decedent's contributory/comparative negligence or other conduct, acts, or omissions, and to the extent any plaintiffs suffered any injury or damages, it was the result of plaintiffs' and/or decedent's own negligent or deliberate actions or omissions.

12.     Plaintiffs' recovery is barred because any injury or damage suffered by plaintiffs' decedent and/or to plaintiffs was caused solely by reason of the plaintiffs' decedent's wrongful acts and conduct and the willful resistance to a peace officer in the discharge their duties.  The conduct set forth in the Complaint, if and to the extent it occurred, was privileged and justified and done with a good faith belief that

18

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

it was correct and no action may be taken against the answering defendants on account of such conduct.

### SIXTH AFFIRMATIVE DEFENSE

### (Public Entity/Employee Immunity for Others' Torts)

13.    Plaintiffs' recovery is barred because public entities and employees are immune from liability for any injury caused by the act or omission of another person.  Gov. Code §§ 815 *et seq.*, 820.2 *et seq.*

14.    The answering defendants are informed and believe and thereon allege that if plaintiffs sustained any injury or damages, such injury or damages were solely caused or contributed to by the wrongful conduct of other defendants and/or entities or persons other than the answering defendant.  To the extent that plaintiffs' damages were so caused, any recovery by plaintiffs as against the answering defendant should be subject to proportionately comparative equitable indemnity/contribution from such third parties.

### SEVENTH AFFIRMATIVE DEFENSE

### (Public Entity/Employee Immunity for Discretionary Acts)

15.    There is no liability for any injury or damages, if any there were, resulting from an exercise of discretion vested in a public employee, whether or not such discretion be abused.  Gov. Code § 815.2, 820.2, 820.4, 820.8, 820 *et seq*.

16.    Plaintiffs' recovery is barred because public entities and employees are immune from liability for discharging their mandatory duties with reasonable diligence.

17.    A public employee may not be held liable for injuries or damages, if any, caused by failure to adopt or by adoption of an enactment or by failure to enforce an enactment and/or law, for an injury caused by his issuance, denial, suspension or revocation or by his failure or refusal to issue, deny, suspend or revoke, any permit, license, certificate, approval, order, or similar authorization, where he is authorized by enactment to determine whether or not such authorization

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

153645423.1

19

DEFENDANTS' ANSWER TO PLAINTIFFS' COMPLAINT FOR DAMAGES; JURY TRIAL DEMANDED

should be issued, denied, suspended or revoked, pursuant to Government Code §§
818.2, 818.4, 818.8, 821 and 821.2.  Based thereon, each of the answering
defendants are immune from liability for any injuries claimed by plaintiffs, herein.

18.    This/these defendant(s) are immune for any detriment resulting from
any of its actions or omissions at the time of the incident of which plaintiff
complains pursuant to Government Code § 810 *et seq*., 815 *et seq*., 820 *et seq*., and
845 *et seq*., including, but not limited to, §§ 810, 810.2, 810.4, 810.6, 810.8, 811,
811.2, 811.4, 811.6, 811.8, 820.6, 820.8, 821, 821.2, 821.4, 821.6, 821.8, 822.2,
830.5, 830.6, 835.4, 844.6, and Government Code §§ 854, *et seq*., including, but not
limited to, §§ 845.6, 854.6, 854.8(a)(2), and §§ 855.4, 855.6, 855.8 and 856.4.

## EIGHTH AFFIRMATIVE DEFENSE
### (Public Entity Immunity)

19.    To the extent that the Complaint attempts to predicate liability upon
any public entity defendants or any employees thereof for purported negligence in
retention, hiring, employment, training, or supervision of any public employee, such
liability is barred by Government Code sections 815.2 and 820.2 and *Herndon v.
County of Marin* (1972) 25 Cal. App. 3d 933, 935, 936, *rev'd on other grounds by
Sullivan v. County of Los Angeles* (1974) 12 Cal.3d 710; and by the lack of any duty
running to any plaintiffs; by the fact that any such purported act or omission is
governed exclusively by statute and is outside the purview of any public employees'
authority; and by the failure of any such acts or omissions to be the proximate or
legal cause of any injury alleged in the Complaint.  *See de Villers v. County of San
Diego*, 156 Cal.App.4th 238, 251-253, 255-256 (2007).

20.    These defendants may not be held liable on a *respondeat superior*
theory for any negligent or wrongful act or omission on the part of any subordinate.
Cal. Government Code §§ 844.6, 845.6; Cal. Civil Code § 2351; *Malloy v. Fong*
(1951) 37 Cal.2d 356, 378-379; *Monell v. Department of Social Services of the City
of New York* (1978) 436 U.S. 658; *Larez v. City of Los Angeles* (9th Cir. 1991) 946

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

F.2d 630, 645-646; *cf. City of Canton v. Harris*, 489 U.S. 378, 388-389 (1989); *City of Los Angeles v. Heller*, 475 U.S. 796 (1986).

## NINTH AFFIRMATIVE DEFENSE

### (Qualified Immunity & Good Faith Immunity)

21.    Defendants and their agents or officers at all times relevant to this action acted reasonably and prudently under the circumstances.  Defendants therefore assert the individual defendants' Qualified Immunity from liability to the fullest extent applicable.

22.    Defendant(s) is/are immune from liability under the Federal Civil Rights Act because they acted in good faith with an honest and reasonable belief that their actions were necessary and appropriate.  Defendant(s) is/are immune from liability under the Federal Civil Rights Act because a reasonable police officer could believe that their acts and conduct were appropriate.  Defendant(s) is/are immune from liability under the Federal Civil Rights Act because their conduct did not violate clearly established rights.  Defendant(s) is/are also immune from liability under the doctrine of Qualified Immunity.

23.    At all relevant times, defendants acted within the scope of discretion, with due care, and good faith fulfillment of responsibilities pursuant to applicable statutes, rules and regulation, within the bounds of reason, and with the good faith belief that their actions comported with all applicable federal and state laws. *Harlow v. Fitzgerald* (1982) 457 U.S. 800; Cal Gov. Code §§ 815.2 and 820.2.

## TENTH AFFIRMATIVE DEFENSE

### (Assumption of Risk)

24.    At the time and place referred to in the Complaint for Damages, and before such event, plaintiffs' decedent knew, appreciated, and understood each and every risk involved in placing himself in the position which plaintiff then assumed, and willingly, knowingly and voluntarily assumed each of such risks, including, but not limited to, the risk of suffering personal bodily injury, lawful deprivation of

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

DEFENDANTS' ANSWER TO PLAINTIFFS' COMPLAINT FOR DAMAGES; JURY TRIAL DEMANDED

1 | right(s), or death.

2 | **PRAYER FOR RELIEF**

3 | WHEREFORE, the answering Defendants pray as follows:

4 | 1.    That Plaintiffs take nothing by this action;

5 | 2.    That Defendants be awarded attorneys' fees and costs of this suit and costs of

6 | proof; and

7 | 3.    That Defendants be awarded such other relief as the Court deems just.

10 | DATED:  March 3, 2025          LEWIS BRISBOIS BISGAARD & SMITH LLP

12 |

13 | By:    *Tori L.N. Bakken*

14 | TONY M. SAIN

15 | TORI L.N. BAKKEN
Attorneys for Defendants,

16 | CITY OF LOMPOC and ALEXANDER
JUSTICE

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

# FEDERAL COURT PROOF OF SERVICE
Jeffrey Amador, et al v. City of Lompoc, et al.
Case No. 2:25-cv-00167-FMO-SSC

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

At the time of service, I was over 18 years of age and not a party to the action. My business address is 633 West 5th Street, Suite 4000, Los Angeles, CA 90071.  I am employed in the office of a member of the bar of this Court at whose direction the service was made.

On March 3, 2025, I served the following document(s):  **DEFENDANTS' ANSWER TO PLAINTIFFS' COMPLAINT FOR DAMAGES; JURY TRIAL DEMANDED**

I served the documents on the following persons at the following addresses (including fax numbers and e-mail addresses, if applicable):

Law Officers of Dale K. Galipo          **ATTORNEY FOR PLAINTIFFS**
Dale K. Galipo (Bar No. 144074)
dalekgalipo@yahoo.com
21800 Burbank Blvd., Suite 310
Woodland Hills, CA 91367
T: (818) 347-3333

The documents were served by the following means:

☒     (BY E-MAIL OR ELECTRONIC TRANSMISSION)  Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses listed above.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Executed on March 3, 2025, at Los Angeles, California.


/s/ *Curfew F. Wilson*
_____
Curfew F. Wilson

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW