**LEWIS BRISBOIS BISGAARD & SMITH LLP**
TONY M. SAIN, SB# 251626
  E-Mail: Tony.Sain@lewisbrisbois.com
TORI L. N. BAKKEN, SB# 329069
  E-Mail: Tori.Bakken@lewisbrisbois.com
ABIGAIL J. R. McLAUGHLIN, SB# 313208
  E-Mail: Abigail.McLaughlin@lewisbrisbois.com
633 West 5th Street, Suite 4000
Los Angeles, California 90071
Telephone: 213.250.1800
Facsimile: 213.250.7900

Attorneys for Defendants,
CITY OF LOMPOC and ALEXANDER JUSTICE

**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo, Esq. (Bar No. 144074)
dalekgalipo@yahoo.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, California, 91367
Telephone: (818) 347-3333
Facsimile: (818) 347-4118

Attorneys for Plaintiffs,
JEFFREY AMADOR and VERONICA BENNETT,

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| JEFFREY AMADOR, VERONICA BENNETT, individually and as successors-in-interest to Connor Amador, deceased,<br><br>       Plaintiffs,<br><br>    vs.<br><br>CITY OF LOMPOC; ALEXANDER JUSTICE; DOES 1-10, inclusive,<br><br>       Defendants. | Case No. 2:25-cv-00167-FMO-SSC<br><br>**JOINT RULE 26(f) REPORT**<br><br>Judge:  Hon. Fernando M. Olguin<br><br>Sched. Conf.:   05/22/2025<br><br>Trial Date:   None Set |

Pursuant to Rule 26 of the Federal Rules of Civil Procedure, Central District

156398695.1

JOINT RULE 26(f) REPORT

Local Rule 26-1, and the Court's Order Setting Scheduling Conference the parties hereto, through their respective counsel, have met and conferred and hereby submit this Joint Report.

## I. Statement of the Case

### A. Plaintiff's Position:

At approximately 1:00 a.m. on December 29, 2023, police officers working for the City of LOMPOC, including Officer Alexander Justice, attempted to approach Connor Amador ("Mr. Amador") in a parking lot outside of a small "Circle K" convenience store and gas station. The encounter with Mr. Amador occurred at or around the area of the 1421 E. Ocean Ave. Lompoc, California 93436 where the involved officers fatally shot Mr. Amador, thereby using excessive force against him.

At the time of the shooting and other undiscovered uses of force, Mr. Amador did not pose an immediate risk of death or serious bodily injury to any person. After the shooting, upon information and belief, the involved officers failed to timely summon medical attention for Mr. Amador, and also failed to provide medical aid to Mr. Amador, thereby further contributing to his injuries. As a result of the shooting and other undiscovered uses of force, Mr. Amador endured severe pain and suffering and then lost his life and earning capacity. At all relevant times, the involved City of Lompoc Police Officers Alexander Justice and additional officers (names currently unknown), were acting under color of state law and in the scope and course of their employment with the City of Lompoc.

### B. Defendants' Position:

This case arises out of an officer-involved shooting ("OIS") incident that occurred in the early morning hours December 29, 2023 at the Circle K gas station located at 1421 E. Ocean Ave. in Lompoc, CA involving suspect Connor Amador (DOB: 7/26/2003) and officers of the Lompoc Police Department ("LPD"), including Officer Tara Newton and K-9 Officer Alex Justice.

Amador's First Gun-Armed Store Robbery.

The incident initially began with a call for service on December 28, 2023, at about 11:30 p.m., regarding an armed robbery that occurred at the Circle K: where the suspect, later identified as Connor Amador, entered the store, grabbed two 24 oz. beers, and approached the cashier, Elijah Lazell. When cashier Lazell told Amador the total that Amador owed, Amador then pulled out a black handgun and told Lazell something along the lines of "This is a robbery, give me everything in the cash register." Lazell then gave Amador the $100 cash that was in the register.

Amador then instructed Lazell to open the other register and the safe. But Lazell advised that he could not do so because he was unable to login on both registers at once and because he lacked the safe passcode.

In response, Amador then close-fisted punched Lazell in the left rib cage area, and then struck Lazell in the left side of the head with the magazine butt of the gun. Amador then held his firearm to Lazell's head and warned that if Lazell called the police, Amador would have his "homies" come and kill Lazell. Amador then exited the store and fled the scene.

Officer Tara Newton responded to the Circle K location in response to a 9-1-1 call from a store patron and she searched for the suspect, but she was unable to locate him. Officer Newton then briefly questioned Lazell, before heading off to the Emergency Room to speak with an alleged witness.

Amador's Gun-Armed Attempted Carjacking.

Approximately two hours later, at about 1:18 a.m. on December 29, 2023, police received another 9-1-1 call at the Circle K location, in which a store patron named Jesse Benedict told dispatchers that a man, later determined to be Amador, pulled a gun and machete on him while he was inside of his vehicle, attempting to carjack him.

During the call, Benedict reported that he was sitting in his vehicle in front of the Circle K, scratching lotto tickets, when someone tapped on his driver's side

window. Benedict looked up and saw a man (Amador) pointing a gun at him. Benedict put his hands up, crawled to the passenger side of his vehicle, and exited his car out of the passenger side door. Benedict then fled the area on foot. Benedict then saw Amador try to enter the car through the driver's side door, but it remain locked: although the passenger side door remained open, Amador did not enter Benedict's car that way. Benedict then saw Amador coming after him while Amador was demanding Benedict's car keys. However, Benedict fled toward the hospital across the street, and then he saw Amador turn back to the Circle K.

Amador's Second Gun-Armed Store Robbery Attempt.

Amador then again entered the Circle K convenience store, as Dawn Jacob, the store manager, was approaching the front door from the inside, in response to hearing a noise outside.

Amador entered the store and then immediately put a gun to Jacob's head, while holding a machete in the other hand. Amador then told Jacob he wasn't going to kill her because he needed her to open the safe. But Jacob told Amador she could not open the safe. In response. Amador got mad, knocked things over in the store, and then left the store.

From outside, Jacob heard Amador yelling and screaming in the parking lot while he continued to hold the firearm and machete in each of his hands.

Jacob then saw that the police were on scene, because of the red and blue lights, so she turned to go back to the cashier.

Lompoc Police Confront Gun-and-Knife Armed Amador Outside Store.

When Amador exited the Circle K store to the parking lot, Lompoc Police Officers were arriving with their lights and sirens activated in response to a 9-1-1 call from Benedict regarding the attempted carjacking.

At this point, Amador was standing in the parking lot, about 60 feet from officers, holding a gun in his right hand, pointed down, and a machete in his left hand, also pointed down: close to the rear of a white car parked nearby.



156398695.1

4

JOINT RULE 26(f) REPORT

      Both Officer Justice and Officer Newton parked their patrol units and they each stood behind the driver's doors of their respective vehicles giving commands to Amador. Officer Justice had his rifle out because, with multiple reporting parties, he thought the nature of the call was a possible active shooter: however, his K9 dog was inside, contained. Officer Newton also had her firearm drawn and pointed at Amador. Both officers had partial cover behind the "A" pillar of the driver's side door of their respective marked police SUV units: gun-arms extended and aiming at Amador's front, center mass toward their right, over the hoods of their units.

      When the officers confronted Amador, he still had a firearm in one hand and a machete in the other hand. Officer Justice told Amador to get on the ground and warned that if he did not comply, he would be shot.

      However, Amador did not comply with Officer Justice's commands: instead, Amador walked towards the officers, taking 2 to 3 deliberate steps in the officers' direction: advancing about 6 feet forward toward the officers. As Amador advanced towards the officers, Amador raised his gun from being pointed at the ground, and pointed the gun, arm almost fully extended, at Officer Justice, from a position about 60 feet away.

      In that split-second moment, Officer Justice believed that Amador was about to shoot/kill him and/or his partner: in response, to preserve his life, Officer Justice then fired his rifle three times at Amador – to stop the deadly threat Amador posed in that moment. Notably, in that same split-second moment, Officer Newton also believed that Amador was about to shoot her: however, before she could react to defend herself, Officer Justice had already fired, and Amador was then down on the ground.

      Shots were reportedly fired at 1:21 a.m. When the shots fired call was issued over the radio, and medical aid summoned to the scene, LPD Sergeant White ordered the two officers to hold until backup arrived. Under the sergeant's direction, once backup officers arrived on scene, a tactical team consisting of five officers in stick

formation, with a shield at the front, then approached and disarmed Amador.

Amador had been struck with three bullets: one to the right side of the face, one to the front left abdomen, and one to the right underside/anterior forearm. After Amador was disarmed, officers noticed that he did not appear to be breathing, and his pulse was checked: none was found. Once emergency medical responders arrived at the scene, at around 1:33 a.m., Amador was pronounced dead at the scene.

### B. Defendants' Affirmative Defenses:

Defendants have raised the following affirmative defenses- statute of limitations; tort claims act violation; waiver, estoppel, unclean hands; failure to mitigate damages; contributory/comparative liability; public entity/employee immunity for others' torts; public entity/employee immunity for discretionary acts; public entity immunity; qualified immunity and good faith immunity; and assumption of risk.

## II. Basis of Court's Subject Matter Jurisdiction

This Court has subject matter jurisdiction over the Plaintiff's federal claims pursuant to 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1343 (civil rights jurisdiction). This Court has subject matter jurisdiction over the Plaintiff's state-based claims pursuant to 28 U.S.C. § 1367.

Venue is proper in the Central District of California, Western Division, pursuant to 28 U.S.C. §1391, as all Defendants reside in, and the events giving rise to the claims herein, occurred in Santa Barbara County and the Central District of California.

## III. Legal Issues

According to Plaintiffs' operative Complaint [Dkt. 1, filed 01/07/2025], the operative claims in this case are as follows:

1. **Unlawful Detention** in violation of the Fourth Amendment of the U.S. Constitution, pursuant to 42 U.S.C. § 1983, by plaintiffs JEFFREY AMADOR and VERONICA BENNETT (as successors in interest to decedent CONNOR AMADOR)

against defendants Officer ALEXANDER JUSTICE and Does 1-7 ("Officer Defendants") [First Claim for Relief];

2. **Unlawful Arrest** in violation of the Fourth Amendment of the U.S. Constitution, pursuant to 42 U.S.C. § 1983, by plaintiffs JEFFREY AMADOR and VERONICA BENNETT (as successors in interest to decedent CONNOR AMADOR) against defendants Officer ALEXANDER JUSTICE and Does 1-7 ("Officer Defendants") [First Claim for Relief];

3. **Excessive Force (Shooting)** in violation of the Fourth Amendment of the U.S. Constitution, pursuant to 42 U.S.C. § 1983, by plaintiffs JEFFREY AMADOR and VERONICA BENNETT (as successors in interest to decedent CONNOR AMADOR) against defendants Officer ALEXANDER JUSTICE and Does 1-7 ("Officer Defendants") [Second Claim for Relief];

4. **Denial of Medical Care** in violation of the Fourth Amendment of the U.S. Constitution, pursuant to 42 U.S.C. § 1983, by plaintiffs JEFFREY AMADOR and VERONICA BENNETT (as successors in interest to decedent CONNOR AMADOR) against defendants Officer ALEXANDER JUSTICE and Does 1-7 ("Officer Defendants") [Third Claim for Relief];

5. **Deprivation of Familial Relations (Substantive Due Process Claim)** in violation of the Fourteenth Amendment of the U.S. Constitution, pursuant to 42 U.S.C. § 1983, by plaintiffs JEFFREY AMADOR and VERONICA BENNETT (individually) against defendants Officer ALEXANDER JUSTICE and Does 1-7 ("Officer Defendants") [Fourth Claim for Relief];

6. **Battery (Excessive Force – Shooting)** in violation of California law, pursuant to Cal. Gov. Code § 815.2(a), by plaintiffs JEFFREY AMADOR and VERONICA BENNETT (as successors in interest to decedent CONNOR AMADOR) against defendants Officer ALEXANDER JUSTICE and Does 1-7 ("Officer Defendants"), Does 8-10 (Supervisorial & Policymaking Defendants), and vicariously against defendant CITY OF LOMPOC ("City") [Fifth Claim for Relief];

7. **Negligence in Pre-Force Tactics & Communications (Pre-Shooting Tactical Negligence)** in violation of California law, pursuant to Cal. Gov. Code § 815.2(a), by plaintiffs JEFFREY AMADOR and VERONICA BENNETT (as successors in interest to decedent CONNOR AMADOR) against defendants Officer ALEXANDER JUSTICE and Does 1-7 ("Officer Defendants"), Does 8-10 (Supervisorial & Policymaking Defendants), and vicariously against defendant CITY OF LOMPOC ("City") [Sixth Claim for Relief];

8. **Negligence in Use of Deadly Force (Shooting)** in violation of California law, pursuant to Cal. Gov. Code § 815.2(a), by plaintiffs JEFFREY AMADOR and VERONICA BENNETT (as successors in interest to decedent CONNOR AMADOR) against defendants Officer ALEXANDER JUSTICE and Does 1-7 ("Officer Defendants"), Does 8-10 (Supervisorial & Policymaking Defendants), and vicariously against defendant CITY OF LOMPOC ("City") [Sixth Claim for Relief];

9. **Negligence in Failure to Provide Prompt Medical Care** in violation of California law, pursuant to Cal. Gov. Code § 815.2(a), by plaintiffs JEFFREY AMADOR and VERONICA BENNETT (as successors in interest to decedent CONNOR AMADOR) against defendants Officer ALEXANDER JUSTICE and Does 1-7 ("Officer Defendants"), Does 8-10 (Supervisorial & Policymaking Defendants), and vicariously against defendant CITY OF LOMPOC ("City") [Sixth Claim for Relief];

10. **Negligence – Wrongful Death** in violation of California law, pursuant to Cal. Gov. Code § 815.2(a), by plaintiffs JEFFREY AMADOR and VERONICA BENNETT (individually) against defendants Officer ALEXANDER JUSTICE and Does 1-7 ("Officer Defendants"), Does 8-10 (Supervisorial & Policymaking Defendants), and vicariously against defendant CITY OF LOMPOC ("City") [Sixth Claim for Relief];

11. **Negligence in Training, Supervision/Staffing, and**

**Investigation/Evidence Handling** in violation of California law, pursuant to Cal. Gov. Code § 815.2(a), by plaintiffs JEFFREY AMADOR and VERONICA BENNETT (individually, and as successors in interest to decedent CONNOR AMADOR) against defendants Officer ALEXANDER JUSTICE and Does 1-7 ("Officer Defendants"), Does 8-10 (Supervisorial & Policymaking Defendants), and vicariously against defendant CITY OF LOMPOC ("City") [Sixth Claim for Relief];

12. **Intentional Interference With Exercise Of Constitutional Rights by Violence (Bane Act)** in violation of California law, pursuant to Cal. Civil Code § 52.1, by plaintiffs JEFFREY AMADOR and VERONICA BENNETT (as successors in interest to decedent CONNOR AMADOR) against defendants Officer ALEXANDER JUSTICE and Does 1-7 ("Officer Defendants"), Does 8-10 (Supervisorial & Policymaking Defendants), and vicariously against defendant CITY OF LOMPOC ("City") ["Ninth" (sic, should be Seventh) Claim for Relief].

**IV.  Parties, Evidence, Etc.**

The parties are:

A. Plaintiff JEFFRFEY AMADOR;

B. Plaintiff VERONICA BENNETT;

C. Defendant CITY OF LOMPOC;

D. Defendant OFFICER ALEXANDER JUSTICE; and

E. Defendant DOES 1-10.

Discovery may reveal parties that should be added or dismissed. The parties agree that Plaintiffs will have until July 3, 2025 to amend their pleadings.

The parties anticipate key documents and evidence will include investigative reports, surveillance video, dash camera video, medical records, etc.

**V.  Insurance**

Defendant City is insured up to a certain point per California Government Code § 990.

///

## VI. Magistrate Judge

Defendants are willing to consent to a magistrate judge to preside over this action. Plaintiffs do not consent to a magistrate judge to preside over this case.

## VII. Discovery

The parties are in the process of preparing a stipulation for protective order regarding confidential documents and intend to file such with the Court in the coming weeks.

The parties intend to serve written discovery including Interrogatories, Demands for Production of Documents and possibly Requests for Admissions.

The parties also intend to take depositions of various witnesses and parties. The parties stipulated and agreed that, at the discretion of the noticing party, depositions in this case may be taken by remote electronic means (e.g., video conferencing, such as Zoom, WebEx, or comparable means): in such an event, the noticing party shall have discretion to decide whether the entire deposition (all parties and the witness) shall appear for the deposition solely by remote electronic means or whether remote electronic appearance will be provided only as a discretionary option for certain individuals, i.e., counsel and/or the court reporter. The parties have further agreed that where a noticing party has elected to conduct a deposition solely as an in-person deposition for all parties and for the witness, if a non-noticing party provides a request for counsel to attend by remote videoconferencing means to the noticing party at least seven (7) days before the deposition date, the noticing party shall make arrangements to fulfill such request. The parties further agree that the above procedures shall govern the depositions of expert witnesses as well.

Counsel for the parties propose May 29, 2026, for the fact discovery cut-off date. The parties propose that the expert discovery cut-off be July 2, 2026, with initial disclosures on June 5, 2026 and rebuttal disclosures on June 19, 2026.

///

## VIII. Motions

Litigation of this matter is still in its very preliminary phases, so the parties cannot yet anticipate all of the legal issues that will arise in this action. However, the parties will endeavor to keep the honorable Court fully informed of such issues during the course of this litigation. Plaintiffs anticipate that they may file the following potential motions:

- Motions to add or refine the claims for relief pleaded, or to add individual parties;
- Discovery motions, potentially seeking monetary, evidence/issue, sanctions;
- Motions *in limine*, potentially including *Daubert* motions *in limine*; and
- Other pretrial and/or post-trial motions as may be appropriate.

The defendants anticipate that they may file the following potential motions:

- Discovery motions, potentially seeking monetary, evidence/issue, and/or terminating sanctions;
- Motion(s) for Judgment on the Pleadings;
- Motion(s) for summary judgment and/or adjudication of the issues, potentially including on the basis of qualified immunity and/or time-bar arising from the operative statutes of limitation;
- Motion(s) for bifurcation of trial on punitive damages issues;
- Motions *in limine*, potentially including *Daubert* motions *in limine*; and
- Other pretrial and/or post-trial motions as may be appropriate.

## IX. Class Certification

Not applicable.

## X. Dispositive Motions

As stated above, defendants anticipate filing Motion(s) for Judgment on the Pleadings and Motion(s) for Summary Judgment and/or adjudication of the issues, potentially including on the basis of qualified immunity and/or time-bar arising from the operative statutes of limitation.



The parties propose a dispositive motion filing deadline of July 10, 2026.

## XI. Settlement/Alternative Dispute Resolution (ADR)

The parties have preliminarily discussed potential settlement of the case and plaintiffs anticipate getting defendants an early settlement demand for consideration in the coming weeks. The parties would prefer to select a panel mediator in this matter.

The parties propose a settlement conference completion date of August 28, 2026.

## XII. Pretrial Conference and Trial

The parties propose a pre-trial conference date of September 10, 2026. Both parties demanded a jury trial in this matter and agreed upon a trial date of September 21, 2026.

## XIII. Trial Estimate

Counsel estimate the trial length to be 7-9 court days. It is premature at this time for the parties know how many witnesses are needed by each side; as discovery develops the parties will continue to keep the Court informed.

## XIV. Trial Counsel

Counsel for plaintiffs will be Dale K. Galipo and Hang Le.

Counsel for defendants will be Tony Sain and Tori L.N. Bakken.

## XV. Independent Expert or Master

The parties do not believe an independent expert or master is necessary for this matter.

## XVI. Other Issues

### A. Use of Electronics at Trial

Pursuant to United States District Court, Central District of California Local Rule 83-6.1.5, the parties request a Court Order for authorization for use of certain equipment inside the Courtroom during the trial of the instant action, to the extent that such equipment is not already permitted by operation of any standing order,

including wireless communication devices such as smartphones, laptops, tablet computers, and associated electronic equipment and/or supporting carts so as to facilitate efficient presentation and conduct of the trial.

### B. Stipulation Regarding E-Service

The parties stipulated and agreed to utilize electronic service in this case and to treat the same as mail service for the purposes of calculating response deadlines.

### C. Timetable

The parties' proposed dates are attached hereto as Exhibit A.

DATED: May 1, 2025　　　　　　LEWIS BRISBOIS BISGAARD & SMITH LLP

By:　*/s/ Tori L.N. Bakken*
TONY M. SAIN
TORI L.N. BAKKEN
Attorneys for Defendants,
CITY OF LOMPOC and ALEXANDER JUSTICE

DATED: May 6, 2025　　　　　　LAW OFFICES OF DALE K. GALIPO

By:　*/s/ Hang D. Le*
DALE K. GALIPO
HANG D. LE
Attorneys for Plaintiffs,
JEFFREY AMADOR and VERONICA BENNETT

# EXHIBIT A

# JUDGE FERNANDO M. OLGUIN
## EXHIBIT A: SCHEDULE OF PRETRIAL AND TRIAL DATES WORKSHEET

| Case No. | 2:25-cv-00167-FMO-SSC |
|---|---|
| Case Name | *Amador, et al. v. City of Lompoc, et al.* |

| Matter | Parties' Request | Court's Order |
|---|---|---|
| Jury Trial **(Tuesday at 9:00 a.m.)** Length: 7-9 Court Days | 09/21/2026 | |
| Final Pretrial Conference (L.R. 16) and Hearing on Motions in Limine | 09/10/2026 | |
| Last Date to Conduct Settlement Conference | 08/28/2026 | |
| Last Date to Hear Motions **(Monday at 9:00 a.m.)** | 08/14/2026 | |
| Last Date to File Motions | 07/10/2026 | |
| Expert Discovery Cut-Off | 07/02/2026 | |
| Expert Disclosure (Rebuttal) | 06/19/2026 | |
| Expert Disclosure (Initial) | 06/05/2026 | |
| Fact Discovery Cut-Off | 05/29/2026 | |
| Last Date to Amend Pleadings or Add Parties | 07/03/2025 | |

ADR [L.R. 16-15] Settlement Choice:

    X    Panel Mediation



71956673.1

1

JOINT RULE 26(f) REPORT- EXHIBIT A

**FEDERAL COURT PROOF OF SERVICE**
Jeffrey Amador, et al v. City of Lompoc, et al.
Case No. 2:25-cv-00167-FMO-SSC

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

At the time of service, I was over 18 years of age and not a party to the action. My business address is 633 West 5th Street, Suite 4000, Los Angeles, CA 90071. I am employed in the office of a member of the bar of this Court at whose direction the service was made.

On May 8, 2025, I served the following document(s): **JOINT RULE 26(f) REPORT**

I served the documents on the following persons at the following addresses (including fax numbers and e-mail addresses, if applicable):

| | |
|---|---|
| Law Offices of Dale K. Galipo<br>Dale K. Galipo (Bar No. 144074)<br>Hang D. Le (Bar No. 293450)<br>Santiago G. Laurel<br>dalekgalipo@yahoo.com<br>hlee@galipolaw.com<br>slaurel@galipolaw.com<br>21800 Burbank Blvd., Suite 310<br>Woodland Hills, CA 91367<br>T: (818) 347-3333 | **ATTORNEY FOR PLAINTIFFS** |

The documents were served by the following means:

☒ (BY E-MAIL OR ELECTRONIC TRANSMISSION) Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses listed above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Executed on May 8, 2025, at Los Angeles, California.

/s/ Curfew F. Wilson
Curfew F. Wilson

156398695.1

1
JOINT RULE 26(f) REPORT